MERCHANT H. GOODRICH v. MORELL GOODRICH ET AL.

*Equity practice—Hearing—Decree.*

1. A suit in equity at issue on replication cannot be heard and disposed of piecemeal.

   So *held*, where, after the testimony was partially taken, complainant's bill was dismissed as barred by the statute of limitations.

2. It is a principal object of a hearing in equity to leave nothing undecided that is capable of decision, so as to put a complete end to the controversy, and make it a finality of everything.

3. Where testimony is taken in open court, it is not only desirable to have all that is testified to heard within a brief time, but a change of judges, or disability of getting the same judge to hear the cause speedily, may render it necessary to take the testimony over again.[1]

Appeal from Washtenaw. (Joslin, J.) Argued June 10, 1887. Decided June 10, 1887, and opinion filed June 23, 1887.

Bill for an accounting, and for other relief. Decree dismissing bill after partial hearing, as barred by the statute of limitations, reversed. The facts are stated in the opinion, so far as material to the decision.

*N. W. Cheever,* for complainant.

*A. W. Hamilton,* for defendant.

CAMPBELL, C. J. Complainant filed a bill to obtain relief concerning a series of dealings arising out of his father's estate, and somewhat complicated in their circumstances.

---

[1] Act No. 267, Laws of 1887, which attempted to introduce a radical change in the practice of taking testimony in open court by providing for a jury trial, and giving the verdict the same force as in a suit at law, and obliging the judge to rule upon the admissibility of testimony, was held unconstitutional in the case of *Brown v. Kalamazoo Circuit Judge,* decided June 14, 1889. See 42, N. W. Rep. 827.

An answer and replication were filed, and the cause proceeded to a hearing in open court. After certain testimony had been taken, the court stopped the hearing, upon the idea that the statute of limitations had run against complainant, and refused to hear testimony on the merits, and dismissed the bill. Complainant appeals.

There is no practice which allows a suit in equity at issue on replication to be heard and disposed of piecemeal. The practice requires that the testimony be closed before decision. Where proofs are taken in the regular way, by deposition, the case cannot be noticed until the proofs are closed. The same principle requires that the argument shall not be made, and a submission shall not be had, until the whole case is ready for decision. If a case can be heard in separate parts, inasmuch as an appeal will lie upon every final decree, total or partial, it may happen that the appellate court will take a different view of the facts, and may not think the cause of action barred. This would require a further new hearing and further testimony, which might or might not result in the same conclusion. It is a principal object of a hearing in equity to leave nothing undecided that is capable of decision, so as to put a complete end to the controversy, and make it a finality of everything.

A further difficulty may easily arise if the practice had here can be permitted. Where testimony is taken in open court, it is not only desirable to have all that is testified to heard within a brief time, but a change of judges, or disability of getting the same judge to hear the cause speedily, may render it necessary to take the testimony over again. A case cannot be heard very well half by one judge and half by another. Testimony may thus be lost, or practically lost, by an intermediate accident.

The practice has been uniform, and is necessary to prevent mischief. The decree must be reversed, with costs of this Court, and the cause remanded for hearing.

The other Justices concurred.